## Chronister *v.* York Railways Company, Appellant.

*Negligence—Street railways—Wagon in track—Rear end collision—Warning.*

In an action against a street railway company to recover damages for personal injuries the case is for the jury where the plaintiff testified that he was riding in his milk wagon on a borough street, on which the defendant had a single track road; that because of the unevenness of the surface of the street at the sides, he drove in the middle with the wheels of his wagon astride one of the rails; that before turning on the track he looked back when he could see one thousand feet and saw no car, and that after driving three hundred and fifty feet, his wagon was struck by a work car which came rapidly behind him and of the approach of which no warning was given.

Argued May 14, 1912. Appeal, No. 140, Jan. T., 1911, from judgment of C. P. York Co., Jan. T., 1909, No. 43, on verdict for plaintiff in case of John E. Chronister v. York Railways Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BITTINGER, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,475.20 and judgment thereon.

*Error assigned,* among others, was refusal to direct verdict for the defendant.

Richard E. Cochran, with him John A. Hoober, George S. Schmidt and Smyser Williams, for appellant.

Joseph R. Strawbridge, with him J. St. Clair McCall, for appellee.

PER CURIAM, July 2, 1912:

The right of the plaintiff to recover depended entirely upon the finding of facts by the jury. No question of law was involved, and there is nothing in the appeal that requires discussion. The case, as made out by the plaintiff's testimony, was that he was riding in his milk wagon on a borough street, on which the defendant had a single track road. Because of the unevenness of the surface of the street at the sides, he drove in the middle with the wheels of his wagon astride one of the rails; that before turning on the track he looked back when he could see one thousand feet and saw no car. After driving three hundred and fifty feet, his wagon was struck by a work car which came rapidly behind it and of the approach of which no warning was given. If these were the facts, as the jury found them to be, he was entitled to recover. It was his right to drive on any part of the street, subject to the superior right of the defendant to the use of its track, and he should have had warning and ample time to get off the track. If, as testified to by the defendant's witnesses, the plaintiff had warning by gong, and turned so as to clear the track, and then suddenly turned back on the track in front of the car, his negligence would be a bar to recovery. This issue of fact is all there was in the case.

The judgment is affirmed.